UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CONNIE L. PEDERSON, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

LAW OFFICES OF MARSHALL C. WATSON, P.A.,
a Florida Professional Association, and
MARSHALL C. WATSON, individually,

    Defendants.
_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

1. On behalf of the putative class, Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Simply put, Defendants sent a demand letter to Plaintiff and the putative class which failed to comport with the mandated requirements of §1692g of the aforesaid federal statute.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, CONNIE L. PEDERSON ("Plaintiff" or "MS. PEDERSON"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, LAW OFFICES OF MARSHALL C. WATSON, P.A. ("LAW OFFICE"), is a Florida Professional Association and law firm engaged in the business of foreclosing upon residential mortgages and collecting monies from consumers who are allegedly in arrears with respect to said mortgages. LAW OFFICE operates from an address of 1900 NW 49th Street, Suite 120, Ft. Lauderdale, Florida 33309.

5. At all times material hereto, Defendant MARSHALL C. WATSON ("WATSON") is an attorney, member of the Florida Bar, and "senior managing attorney of the firm [LAW OFFICE]" who, according to his website, "specializes in the area of real property law with a concentration in title insurance and foreclosure litigation."[1]  Upon information and belief, WATSON is the sole shareholder of LAW OFFICE and oversees its day-to-day operations. *See* "Exhibit A" attached hereto.

6. All Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

---

[1] Source: http://www.marshallwatson.com/WatsonLaw/Attorneys/MWatson.htm (last accessed October 6, 2012).

7. All Defendants regularly collect or attempt to collect debts for themselves and other parties. They are "debt collectors" as that term is defined in the FDCPA.

8. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9. LAW OFFICE is vicariously liable for the actions of WATSON. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir.1994); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 440-41 (6th Cir. 2008).

## FACTUAL ALLEGATIONS

10. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred to SunTrust Mortgage, Inc.

11. On February 8, 2012, Defendants sent Plaintiff a demand letter seeking to collect an alleged debt from Plaintiff.

12. The demand letters at issue were printed on the letterhead of the Law Offices of Marshall C. Watson, P.A.

13. The February 8, 2012 demand letter states in relevant part:

> The debtor may dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this Notice. If the debtor fails to dispute the debt within 30 days, the debt will be assumed valid by the creditor.

14. A true and correct copy of the demand letter at issue is attached hereto as "Exhibit B."

15. The alleged debt arises from Plaintiff's ownership of her personal residence.

16. The letter was Defendants' first communication with Plaintiff with respect to the debt alleged therein.

17. Under 15 U.S.C § 1692g(a)(3) the Defendant must provide the Plaintiff with:

> *[A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector**...*

(emphasis added).

18. Defendant's demand letter incorrectly the states the presumption of validity as pronounced by the FDCPA.

19. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## CLASS ACTION ALLEGATIONS

20. This action is brought on behalf of a class consisting of (i) all persons with addresses in the United States (ii) to whom letters the same form as Exhibit "B" were sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) wherein the subject creditor was SunTrust Mortgage, Inc. (v) which were not returned undelivered by the U.S. Post Office (vi) during the one year period prior to the filing of the original complaint in this action through the date of certification.

21. Plaintiff alleges on information and belief based upon the Defendants' use of letters in the form of Exhibit "B" that the class is so numerous that joinder of all members of the class is impractical. Based upon Defendants' use of letters in the form of Exhibit "B."

22. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "B." The principal legal issues are whether Defendants' letters in the form of Exhibit "B" violate the FDCPA by failing to properly inform the consumer with respect to the presumption of validity regarding debt validation in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C §1692g.

23. Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

24. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

25. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. MS. PEDERSON requests certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages.

## COUNT I
## FAILURE TO PROPERLY NOTIFY PLAINTIFF OF HER RIGHTS IN ACCORDANCE WITH §1692g

27. Plaintiff incorporates Paragraphs 1 through 30.

28. Defendants' demand letter misstates the applicable legal standard with regard to the presumption of validity as pronounced by section 1692g(a)(3) of the FDCPA. Defendant's demand letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights and therefore violates of 15 U.S.C. § 1692g(a) as well as 15 U.S.C. § 1692e(10). *Galuska v. Collectors Training Institute of Illinois, Inc.*, No. 3:07-CV-2044, 2008 WL 2050809 (M.D. Pa. May 13, 2008); *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, 11-80894-CIV, 2011 WL 4499100 (S.D. Fla. Sept. 27, 2011); *see also, Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

29. As a result of Defendants' conduct, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

30. Plaintiff and the class are entitled to an award of costs and attorney fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendants, LAW OFFICES OF MARSHALL C. WATSON, P.A. and MARSHALL C. WATSON, P.A., for:

    a. Statutory damages pursuant to 15 U.S.C. § 1692k;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 8th day of October, 2012.

        Respectfully submitted,

        By:/s/ *Scott D. Owens*
        Scott D. Owens, Esq.
        Florida Bar No. 0597651

        SCOTT D. OWENS, ESQ.
        *Attorney for Plaintiff*
        664 E. Hallandale Beach Blvd.
        Hallandale, FL 33009
        Telephone: 954-589-0588
        Facsimile: 954-337-0666
        scott@scottdowens.com

        LEO W. DESMOND, ESQ.
        *Attorney for Plaintiff*
        Florida Bar No. 41920
        5070 Highway A1A, Suite D
        Vero Beach, FL 32963
        Telephone: (772) 234-5150
        Facsimile: (772) 234-5231
        leodesmondlawoffice@gmail.com