129729

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-14359-MARTINEZ/LYNCH

CONNIE L. PEDERSON,

  Plaintiff,

v.

LAW OFFICES OF MARSHALL C. WATSON, P.A. and MARSHALL C. WATSON, individually,

  Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT**

Defendants, LAW OFFICES OF MARSHALL C. WATSON, P.A. (the "P.A.") and MARSHALL C. WATSON, individually ("Watson"), (collectively "Defendants"), by and through undersigned counsel, and pursuant to Rule 12(b)(6), Fed. R. Civ. P., hereby file this Motion to Dismiss Plaintiff's Class Action Complaint, and in support thereof state as follows:

1. The Plaintiff's Class Action Complaint alleges a **single** violation of the Fair Debt Collection Practices Act ("FDCPA"); to-wit: that in one sentence of the demand letter which was sent by the P.A. to the Plaintiff, the P.A. substituted the word "creditor" for the phrase "debt collector."  As will be demonstrated herein, this *de minimus* departure from the statutory language is not actionable.

2.      Defendants will also demonstrate herein that the class action allegations of the Complaint are legally insufficient.

3.      Finally, Watson seeks dismissal because the only allegation against him is that he is the sole shareholder of the P.A., a corporation. Plaintiff does not allege that Watson had any participation in the subject demand letter.

## MEMORANDUM OF LAW

I.      Standard on Motion to Dismiss

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Castro v. Secretary of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006).

The question of the effectiveness of a validation notice[1] is generally a question of law, *In re Martinez*, 266 B.R. 523 (Bkrtcy. S.D. Fla. 2001), and thus appropriate for consideration on a motion to dismiss. *See, e.g.*, *Ardino v. Lyons, Doughty & Veldhuis, P.C.*, Civil No. 11–848 (NLH/KMW), 2011 WL 6257170 * 4 (D. N.J. 2011).

II.     Minor, or *de minimus*, variations in the statutory language are not actionable

In order to prevail on a FDCPA claim, a Plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act

---

[1] That part of a demand letter, or collection letter, which contains the language set forth in 15 U.S.C. § 1692g(a) (Validation of debts), is typically referred to as the "validation notice" since the notice gives the debtor 30 days to dispute the debt or the debt will be assumed to be valid.

or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360-1361 (S.D. Fla.2000) (quoting *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 470 (M.D. La. 1995)).

This motion focuses on the third element, as the first two have been adequately alleged in the Complaint. As noted above, the sole alleged violation of the FDCPA is that the validation notice contained in the letter sent by the P.A. to the Plaintiff used the word "creditor" instead of the phrase "debt collector" in one of the paragraphs of the notice. The P.A.'s notice states:

> The debtor may dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this Notice. If the debtor fails to dispute the debt within 30 days, the debt will be assumed valid by the creditor.

In 15 U.S.C. § 1692g(a)(3), however, this paragraph ends with "debt collector," not "creditor." Plaintiff fails to explain how use of the word "creditor" instead of "debt collector" was in any way confusing, deceptive or misleading. Plaintiff fails to explain how the use of the word "creditor" changed the essential message of this paragraph, which is that the debtor has 30 days to dispute the debt. *See Terran v. Kaplan*, 109 F.3d 1428, 1433 (9th Cir. 1997) (section 1692g was designed to prevent debt collectors from demanding payment in a collection letter within a time period that was less than the thirty day requirement set forth in the statute); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996) ("essentially, the notice required by section 1692(g) must tell the target that she has 30 days to dispute the validity of the debt.").

3

In enacting § 1692g, Congress did not specify that the notice to debtors had to include the exact language of the statute. The Eleventh Circuit follows the majority rule that the validation notice must actually and effectively inform the "least sophisticated consumer" of his or her statutory rights. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). The courts have routinely and uniformly rejected claims that minor variations from the statutory language, which do not materially alter the notice that the debtor has 30 days to dispute the debt, constitute a violation of the FDCPA. For example, in *In re Hathcock*, 437 B.R. 696 (Bkrtcy. M.D. Fla. 2010), the court rejected the argument that a notice which stated that the consumer had 30 days to dispute the debt "after your receipt of GC Services' initial written notice" as opposed to the statutory "within thirty days after receipt of the notice" was violative of the statute. The court focused on the word "initial" (although there were other language variations from the statute as well) and held, as a matter of law, that the notice was not false or misleading, as the recipient "would understand that the thirty day period to dispute the debt commenced upon receipt of the Collection Letter" and that the use of the words "initial written notice" in the validation notice of the collection letter would not be confusing to the least-sophisticated consumer. *Id*. at 703.

The court in *Lerner v. Forster*, 240 F.Supp.2d 233, 237 (E.D.N.Y.2003) held that a validation notice must only include the amount of debt, name of creditor, statement that the debt's validity will be assumed unless disputed by the consumer within thirty days, and an offer to verify the debt and provide the name and address of the original creditor. Undeniably, the validation notice in this case included all of these things.

In *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504 (6th Cir. 2007), among other alleged insufficiencies in the validation notice, the plaintiff alleged that the notice erroneously contained "under *state* law" instead of "under *federal* law," and "if your name appears in numbered paragraph *1* below," instead of "in paragraph *4*." *Id*. at 512; emphasis by court.  The court found the argument to be without merit since the least sophisticated consumer, in reading the entirety of the notice, would understand that she had the right to challenge the validity of the debt, "the errors notwithstanding." *Id*.

As stated in *King v. Arrow Financial Services, LLC*, No. CIV.A.02-0867, 2003 WL 21780973 (E.D. Pa. 2003), which involved incorrect use of the term "client": "Although the pro-consumer objectives of the FDCPA are broad, they do not encompass an incorrect statement that has no material affect on the collection of a debt."

This principle was applied recently in *Kinkaid v. Allied Interstate, LLC*, No. 8:11-cv-2288-T-33MAP, 2012 WL 1574232 (M.D. Fla. 2012).  In that case, there were "minor alterations" in the statutory language.  The requirement of § 1692g(a)(3) was stated as follows: "Unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid."  The court ruled that the minor differences between this language and the statutory language would not have confused the least sophisticated consumer.  The court also ruled that the notice, which combined the statements of § 1692g(a)(3), (4) and (5) in a single paragraph was not misleading.  The court thus dismissed the complaint.

The *Kinkaid* case is the closest factually to the instant case.[2] In *Kinkaid*, the validation notice simply used the words "us" and "we" without using the statutory language "debt collector," and further, re-wrote the statutory language. In the present case, Plaintiff has not, and can not, explain why it would matter, or why it would be misleading, for the Plaintiff to be told that unless she disputes the debt within 30 days, the **creditor** will assume the debt is valid, as opposed to the **debt collector** assuming the debt is valid.

The Court must reject Plaintiff's effort to create a cause of action where none exists. The validation notice conveyed what it was supposed to convey, the amount of the debt, the name of the creditor, the statement that the debt's validity will be assumed unless disputed by the Plaintiff within 30 days, and an offer to verify the debt and provide the name and address of the original creditor. *See Lerner*, *supra*. Consequently, the Complaint should be dismissed with prejudice.

III.     The class action allegations are legally insufficient

Under Southern District of Florida Local Rule 23.1, the Class Action Complaint must contain allegations of the size (or approximate size) of the alleged class, Rule 23.1(b)(2)(A), and, in an action claimed to be maintainable as a class action under Fed. R. Civ. P. 23(b)(3), the Complaint must contain "allegations thought to support the findings required by that subdivision." Rule 23.1(b)(2)(D).

---

[2] Factually, *In re Martinez*, *supra*, is the closest since in that case, the validation notice, like here, substituted the word "creditor" for "debt collector." However, the plaintiff did not assert that was a violation of the FDCPA and thus the opinion is not on point in this respect.

The Class Action Complaint in this case does not contain allegations of any of the above and is therefore deficient.

Additionally, although Plaintiff contends that certification of a class is proper under Rule 23(b)(2), the complaint does not seek declaratory relief. Thus, this ground for class action certification is not applicable.

IV.     Watson must be dismissed

In a case involving debt collection activities, the Middle District of Florida held in *Sharke v. Credit Protection Depot, Inc.*, No. 8:11–CV–02406–T–17, 2012 WL 2366638 (M.D. Fla. 2012), that an attorney who was an officer, shareholder, and/or director of a multi-attorney law firm, and who was alleged to have "indirect involvement" in the debt collection activities was not a proper defendant. In the present case, Watson is alleged to be the "sole shareholder" of the P.A., but there is no allegation that he signed the subject letter, directed its preparation or had any other involvement, direct or indirect, in drafting or sending the letter.

As there are no allegations of direct involvement by Watson, and no allegations seeking to pierce the corporate veil, the claim against Watson, individually, must be dismissed with prejudice.

WHEREFORE, Defendants, LAW OFFICES OF MARSHALL C. WATSON, P.A. and MARSHAL C. WATSON, individually, move this Court for an Order dismissing Plaintiff's Class Action Complaint with prejudice, and granting any and all other relief deemed just and proper.

Respectfully submitted,

s/Dale L. Friedman
Fla. Bar No. 854646
Dale L. Friedman, Esquire
dfriedman@conroysimberg.com
Conroy, Simberg, Ganon, Krevans, Abel,
Lurvey, Morrow, & Schefer, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
Phone: (954) 961-1400
Fax: (954) 967-8577
Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic filing on October 30, 2012 on all counsel or parties of record on the Service List below.

s/Dale L. Friedman
Dale L. Friedman, Esquire

SERVICE LIST

Scott D. Owens, Esq.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
scott@scottdowens.com

Leo W. Desmond, Esq.
5070 Highway AIA, Suite D
Vero Beach, FL 32963
leodesmondlawoffice@gmail.com