UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CV-14359-MARTINEZ/LYNCH

CONNIE L. PEDERSON, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

LAW OFFICES OF MARSHALL C. WATSON, P.A.,
a Florida Professional Association, and
MARSHALL C. WATSON, individually,

    Defendants.
_____/

## PLAINTIFF CONNIE L. PEDERSON'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [DE-8]

COMES NOW, Plaintiff, CONNIE L. PEDERSON, by and through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure, Plaintiff files this Response and Memorandum of Law in Opposition to Defendants' Motion to Dismiss [DE-8] and further states as follows:

### INTRODUCTION

The instant dispute arises from Defendants alleged failure to comply with §1692g of the Fair Debt Collection Practices Act ("FDCPA"). Put more succinctly, Defendants sent a dunning letter to Plaintiff and the members of the putative class, which misstates the assumption of validity under §1692g(a)(3). [DE-1, ¶ 13] Defendants, in their Motion to Dismiss, allege that Plaintiff has failed to state a valid claim under the FDCPA for several reasons. However, the grounds relied upon by Defendants have been soundly rejected by multiple other federal courts,

including the Eleventh Circuit.  Hence, for the reasons stated herein, Defendants' Motion to Dismiss [DE-8] should be denied.

## STANDARD OF REVIEW

A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).  Further, the court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as exhibits, reference to matters for which judicial notice may be taken, and to documents either in the plaintiff's possession or of which plaintiff had knowledge and relied on in bringing the suit.  *Brass v. American Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).  "In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." *Amalgamated Bank of New York v. Marsh,* 823 F.Supp. 209, 215 (S.D. N.Y. 1993).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff's Complaint need only contain a "short and plain statement of the claim showing that [they are] entitled to relief."  To establish a claim under the FDCPA, the plaintiff must demonstrate that (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the statute; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  *Sanz v. Fernandez,* 633 F.Supp.2d 1356, 1359 (S.D. Fla. 2009).

**I.      Plaintiff has sufficiently pleaded a violation of the FDCPA.**

Defendants protest that their failure to comply with §1692g is *de minimus* in nature and thus not actionable. [DE-8, p. 2]  While citing a litany of case law, Defendants fail to make reference to a single case dealing with the misstatement of the assumption of validity.

Conversely, Plaintiff relies upon the five District Court opinions listed below as well as recent authority from the Eleventh Circuit.

> The Fair Debt Collection Practices Act unequivocally states:
>
> *(a)   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing*
> *(1)   the amount of the debt;*
> *(2)   the name of the creditor to whom the debt is owed;*
> *(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector**;*
> *(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
> *(5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor....*
>
> *(c)   The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.*

15 U.S.C. § 1692g (emphasis added).  "[T]he notice Congress required must be conveyed effectively to the debtor." *Miller v. Payco-General American Credits, Inc.*, 943 F. 2d 482, 484 (4th Cir. 1991); quoting *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).  A notice violates 15 U.S.C. § 1692g if it would "make the least sophisticated consumer uncertain as to her rights." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996), *See also, Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985) (establishing the least sophisticated consumer standard in this Circuit).  The FDCPA is also clear that "[t]he failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. § 1692g(c).

3

> In a nearly identical case within this Circuit, Judge Kenneth A. Marra stated as follows:
>
> Plaintiff alleges Defendant violated the FDCPA by failing to include language required under section 1692g; specifically, 'the debt will assumed to be valid *by the debt collector.*' As pled, the Complaint adequately alleges a violation of section 1692g.

*Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, No. 11-80894-CIV, 2011 WL 4499100 (S.D. Fla. Sept. 27, 2011). Other Courts have held that a defendant's "failure to limit its statement that any undisputed debt would be assumed valid to the debt collector violates the notice requirements of § 1692g(a)(3) by 'making the least sophisticated consumer uncertain as to her rights.'" *Guerrero v. Absolute Collection Service, Inc.*, No. 1:11-cv-02427-JEC, at [Doc. 7, p. 10-11] (N.D. Ga. Oct. 6, 2011) (quoting *Russell* at 35); *see also*; *Harlan v. NRA Grp., LLC*, Civil Action No. 10-cv-0324, 2011 WL 500024, at *3 (E.D. Pa. Feb. 9, 2011) ("Though Defendants need not use the verbiage 'by the debt collector,' courts have held that they must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose."); *Galuska v. Collectors Training Institute of Illinois, Inc.*, No. 3:07-CV-2044, 2008 WL 2050809 (M.D. Pa. May 13, 2008) (failure to include "by the debt collector" or words such as "we" or "this office" violated the Act); *Smith v. Hecker*, No. Civ. A. 04-5820, 2005 WL 894812, at *6 (E.D. Pa. Apr. 18, 2005) (same).

Most recently, in *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012), the Eleventh Circuit examined the issue of whether a dunning letter which misidentified a "creditor" was actionable under a different subpart of the FDCPA. The Court in *Bourff* explained:

> The use of "or" in § 1692e means that, to violate the FDCPA, a representation by a "debt collector" must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed.

4

*Id.* at 1241.

In the present matter, Defendants have incorrectly stated which party possesses the assumption of validity pursuant to §1692g. By doing so, Defendants have not only violated §1692g(a)(3) but also §1692e(10), which prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt." In sum, Defendants' statement is both false and deceptive as a matter of law. *See generally, Baez v. Wagner & Hunt, P.A.,* 442 F. Supp. 2d 1273, 1274 (S.D. Fla. 2006) (finding that consumer who received dunning letter which required dispute to be "in writing" stated a valid claim under §1692g and §1692e(10)).

## II. Defendants' challenge regarding the numerosity of the putative class are premature at the dismissal stage.

As to Defendants' contention that Plaintiff is somehow obligated to identify the exact number or identity of the putative class members, Plaintiff responds that such legal argument is inappropriate at this early stage of litigation. In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See, Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Indeed, a court should only consider "the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183 (11th Cir. 2009). Thus, courts are required to analyze the allegations of the complaint and any evidence submitted by the parties, with a presumption in favor of certification. *Id*.

Other federal courts have held that the issue of numerosity is more properly determined on a motion for class certification. *Holtzman v. Caplice*, 2008 WL 2168762, at *2-3 (N.D. Ill. 2008) (citing Wright, Miller & Kane, Federal Practice & Procedure, Civil, 3d § 1798 ("Compliance with the Rule 23 prerequisites theoretically should not be tested by a motion to

5

dismiss for failure to state a claim[.]"). It is axiomatic that without the aid of discovery, Plaintiff cannot identify each and every class member who received a violative dunning letter from Defendants.

### III. Plaintiff has alleged a valid claim against Defendant Marshall C. Watson.

Contrary to Defendants' assertions, Plaintiff has alleged a valid claim against Defendant Marshall C. Watson. In interpreting the FDCPA, most federal courts have found that employees of debt collection companies do fall within the statute's definition of "debt collector." *See, e.g., Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 435–38 (6th Cir. 2008); *Robinson v. Managed Accounts Receivables Corp.,* 654 F.Supp.2d 1051, 1059 (C.D. Cal. 2009) (listing cases); *but see Pettit v. Retrieval Masters Creditor Bureau, Inc.,* 211 F.3d 1057, 1059 (7th Cir.2000) (holding that employees of debt collection company are not "debt collectors"). The language of § 1692a(6) refers to "any person," and includes such people collecting debts either "in a business the principal purpose of which is the collection of any debts" or outside of such a business if the person "regularly collects or attempts to collect" debts. 15 U.S.C. § 1692a(6). Thus, the statute contemplates the term "debt collectors" as including people working as part of a debt collection business. *See Robinson,* 654 F.Supp.2d at 1059 ("[I]t is highly unlikely that Congress wished to restrict liability to the often small corporate vehicle used for collection, and ... the statutory language clearly brings all those personally involved within the ambit of 'debt collector.'") (citation omitted). Additional support is found in the Federal Trade Commission's interpretation of "debt collector" in the FDCPA to include "[e]mployees of a debt collection business, including a corporation, partnership, or other entity whose business is the collection of debts owned another." *Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act*, 53 Fed.Reg. 50097, 50102 (Dec. 13, 1988). At the very least, Plaintiff has alleged sufficient personal involvement by Mr. Watson to

6

raise a plausible inference that he was sufficiently involved in debt collection activities to constitute a "debt collector" under the FDCPA. *See Kistner,* 518 F.3d at 438 (holding that individual employee was "debt collector" based on his specific involvement in debt collection activities); *Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1336–37 (D.Utah 1997) (same); *Teng v. Metropolitan Retail Recovery Inc.,* 851 F.Supp. 61, 67 (E.D.N.Y.1994) (same); *Brink v. First Credit Resources,* 57 F.Supp.2d 848, 862 (D.Ariz.1999) (stating that individuals could be considered "debt collectors" because they "materially participated" in activities "alleged to be collection activities"); *see also, Cruz v. Int'l Collection Corp.*, 673 F.3d 991 (9th Cir. 2012) (affirming summary judgment against sole owner of debt collection agency).

Defendants rely upon a single unpublished decision from the Middle District of Florida. In *Sharke v. Credit Protection Depot, Inc.*, 2012 WL 2366638 (M.D. Fla. 2012), the Court dismissed the individually-named defendant because plaintiff's complaint alleged that the owner of the debt collection agency only had "indirect involvement" with the activities of the defendant. Unlike the fact pattern in *Sharke*, in the present case, Plaintiff has alleged the following:

- *At all times material hereto, Defendant MARSHALL C. WATSON ("WATSON") is an attorney, member of the Florida Bar, and "senior managing attorney of the firm [LAW OFFICE]" who, according to his website, "specializes in the area of real property law with a concentration in title insurance and foreclosure litigation."[1]  Upon information and belief, WATSON is the sole shareholder of LAW OFFICE and oversees its day-to-day operations.* [DE-1, ¶ 5]

- *All Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.* [DE-1, ¶ 6]

- *All Defendants regularly collect or attempt to collect debts for themselves and other parties.  They are "debt collectors" as that term is defined in the*

---

[1] Source: http://www.marshallwatson.com/WatsonLaw/Attorneys/MWatson.htm (last accessed October 6, 2012).

7

*FDCPA.* [DE-1, ¶ 7]

- *At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.* [DE-1, ¶ 8]

Because Plaintiff has adequately alleged that Mr. Watson is a "debt collector" under the FDCPA, Defendants' Motion to Dismiss should be denied.[2]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 12th day of November 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this 12th day of November 2012 via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651
scott@scottdowens.com

By: s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

---

[2] Plaintiff has also attached to her Complaint a Consent Order with respect to both Defendants for their alleged involvement in improper debt collection activity.  While there is no admission of liability as it relates to same, Plaintiff maintains that the fact that both Defendants have agreed to sign the aforesaid stipulation makes the allegations concerning Defendant Marshall C. Watson's level of involvement more than plausible.