**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 2:12−cv−14359−JEM**

CONNIE L. PEDERSON, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.

LAW OFFICE OF MARSHALL C. WATSON, P.A.,
a Florida professional association, and
MARSHALL C. WATSON, individually,

      Defendants.

_____ /

## <u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT BEYOND DATE PROVIDED IN SCHEDULING ORDER</u>

Plaintiff, CONNIE L. PEDERSON, by and through the undersigned counsel, opposes Defendants' latest attempt in what appears to be a string of motions designed to delay these proceedings as long as possible. This time, Defendants urge this Court to find that a party's refusal to acknowledge binding case law constitutes "good cause" under Fed.R.Civ.P. 16 for leave to file summary judgment - nearly two months after the deadline. Plaintiff, in opposition, suggests that misstating the law and closing ones' eyes to the facts is not "good cause." Accordingly, Defendants' motion should be denied.

Defendants argue that, simply because they claim to "continue to strongly believe in the validity of the legal arguments they made in the Motion to Dismiss," the Court should grant the instant motion. Continued belief in a position contrary to well-settled law is hardly good cause to support a modification of the Court's scheduling order. In any event, Defendants' "continued

belief in their legal arguments" clearly requires both the willing suspension of disbelief and a reliance upon misstated and unsupported facts.

Despite overwhelming authority to the contrary, including a recent, well-reasoned holding in this District, Defendants continue to: (1) urge this Court to adopt the position that their false, misleading and deceptive statements regarding the presumption of validity is are *de minimus*, non-actionable violations of the FDCPA, and; (2) that a foreclosure action which also seeks a judgment on the underlying promissory note is not debt collection activity subject to the FDCPA. Neither position accurately states the law.

## THE FDCPA'S ASSUMPTON OF VALIDITY

Defendants argue that, in the context of a written communication sent pursuant to 15 U.S.C. § 1692g(a), substitution of the word "creditor" instead of the phrase "debt collector" is a *de minimus* and non-actionable violation of the FDCPA. They maintain this position despite overwhelming authority to the contrary, including a recent holding in this District, that such a substitution misstates the law regarding presumption of validity, and does in fact support a violation of the FDCPA. *See e.g.*, Iyamu v. Clarfield, Okon, Salomone & Pincus, No. 12-62371 (S.D. Fla., June 24, 2013) (replacing the phrase "debt collector" with the word "creditor" could mislead the least-sophisticated consumer); Orr v. Westport Recovery Corp., No. 12-cv-00187 (N.D. Ga. April 16, 2013) (the statute intended the consumer to receive the message that the debt would be assumed valid by only the debt collector and only for collection purposes); Galuska v. Collectors Training Inst. of Illinois, Inc., No. 3:07-CV-2044, 2008 WL 2050809, at * 3 (M.D. Pa. May 13, 2008) (letter must include language "by the debt collector" in order to identify the person who would be assuming the debt to be valid).

Defendants' repeated, unsupported contention that a misstatement of the statutory language required in 1692g(a) is a *de minimus*, non-actionable violation of the FDCPA is, at the very least, an example of their determination to avoid compliance with federal law and, at worst, comes perilously close to violating Fed.R.Civ.P. 11(b). In any case, it certainly does not constitute good cause to modify this Court's scheduling order.

## ACCORDING TO THE ELEVENTH CIRCUIT, FORECLOSURE IS IN FACT CONSIDERED DEBT COLLECTION

Defendants also use the instant motion as an opportunity to suggest that a foreclosure action is not debt collection and therefore not subject to the FDCPA. Defendants conveniently omit the fact that they are also seeking to enforce the underlying promissory note. Their position also ignores and misstates well-settled law. Simply put, foreclosure is debt collection activity under the FDCPA. McDaniel v. South & Associates, PC, 325 F. Supp. 2d 1210 (D. Kan. 2004). *See also*, Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F. 3d 1211  (11th Cir. 2012) (a communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest.); Glazer v. Chase Home Finance LLC, 704 F. 3d 453 (6th Cir. 2013) (holding that mortgage foreclosure is debt collection under the FDCPA); Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373  (4th Cir.2006) ("[The] `debt' remained a `debt' even after foreclosure proceedings commenced."); Birster v. American Home Mortgage Servicing, Inc., No. 11-13574 (11th Cir. July 18, 2012) (Based on the reasoning of Reese, it is apparent an entity that regularly attempts to collect debts can be a "debt collector" beyond § 1692f(6) of the FDCPA, even when that entity is also enforcing a security interest . . . We conclude this case is controlled by Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012)).

Clearly, Defendants' foreclosure-is-not-debt-collection defense has no legal merit whatsoever. More importantly, it does not come even remotely close to the "good cause" required to modify this Court's scheduling order.

**WHEREFORE**, in consideration of the foregoing, along with the pleadings and other papers already on file in this matter, Plaintiff respectfully requests the instant motion be denied in its entirety.

Respectfully submitted,

 s/ Scott D. Owens
Scott D. Owens, Esq. (#597651)
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Tel:  954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Leo Wassner Desmond (#49120)
5070 N. Highway A1A, Suite D
Vero Beach, FL 32963
Tel:     772−234−5150
Fax:    772−234−5321
lwd@verobeachlegal.com

Attorneys for the Plaintiff

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By:  s/ Scott D. Owens
     Scott D. Owens, Esq.